RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0285P (6th Cir.)
File Name: 02a0285p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

  *v.*       No. 00-6153

DAVID ASKAROV,
   *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 99-00074—William O. Bertelsman, District Judge.

Submitted: January 31, 2002

Decided and Filed: August 22, 2002

Before: SUHRHEINRICH, SILER, and BATCHELDER,
Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Thomas G. Alig, Jr., VINCENT & ALIG, Covington, Kentucky, for Appellant. David Bunning, ASSISTANT UNITED STATES ATTORNEY, Covington, Kentucky, Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

1

---

**OPINION**

---

SILER, Circuit Judge.  Defendant David Askarov appeals his convictions on drug offenses.  He argues that the district court erred by allowing the government to cross-examine him concerning financial information his counsel provided to the United States Probation Office in an effort to obtain new court-appointed counsel for him.  For the reasons stated below, we **AFFIRM** the district court.

**I.**

United States Customs Service agents arrested Askarov near the Cincinnati/Northern Kentucky Airport after discovering 9.5 kilograms of ecstacy in his luggage.  Askarov owns and operates a jewelry business in Belgium and had flown to Cincinnati from Paris.

Askarov was later indicted for possessing ecstacy with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and illegally importing ecstacy into the United States, in violation of 21 U.S.C. § 952.  Gary Sergent was provisionally appointed to represent Askarov.  However, based on evidence that Askarov owned his own business, the court later decided that Askarov was ineligible for a public defender, and Sergent moved for his removal as Askarov's counsel on December 14, 1999.  On December 16, Sergent sent a letter to U.S. Probation Officer Stacey Mills along with a fax from the KBC Bank in Antwerp, Belgium.  The fax explained that Askarov had defaulted on home and business loans held by the bank, and that it had frozen all lines of credit to him and would, if necessary, foreclose on his home.  In the letter, Sergent told Mills that he had moved to be stricken as counsel and suggested that the fax might be useful for the magistrate judge in deciding Askarov's ability to retain other counsel.  Sergent also sent a copy of both documents to prosecutor David Bunning.  The following day, the magistrate judge

granted Sergent's motion to withdraw. Askarov later retained the services of his current counsel, Thomas and Jon Alig.

At trial, Askarov testified on direct examination that he owned and operated a jewelry business in Antwerp. On cross-examination, the government had the following exchange with him:

> *Government:* Prior to your arrest, isn't it true that you were having financial problems with your business?
>
> *Askarov:* No. No, [I] didn't have any problem.

The prosecutor then questioned Askarov about his outstanding home and business loans to KBC Bank, reading from the fax Sergent sent him. Askarov's attorney objected to the government's use of the document and moved for a mistrial. The court overruled the objection and denied the motion. Askarov was convicted of both counts, and was sentenced to seventy-eight months imprisonment on each count, to run concurrently.

## II.

Askarov argues that information he used to assert his Sixth Amendment right to counsel may not be used against him as substantive evidence of his guilt. To allow this, Askarov argues, would force him to chose between his Sixth Amendment right to counsel and his Fifth Amendment right against self-incrimination. In support, he relies on *Simmons v. United States*, 390 U.S. 377, 393-94 (1968) (evidence provided by defendant to assert Fourth Amendment right against unreasonable search and seizure could not be used as substantive evidence of his guilt), and *United States v. Hardwell*, 80 F.3d 1471 (10th Cir. 1996) (holding, based on *Simmons*, that government could not use financial disclosures defendant made to obtain court-appointed counsel as evidence that he was engaged in money laundering). *But cf. Michigan v. Harvey*, 494 U.S. 344, 347-52 (1990) (evidence obtained in violation of Sixth Amendment could be used to impeach

defendant's trial testimony). In the alternative, he argues that the government violated federal evidentiary Rules 608(b), 611(b), 802 and 901.

We need not decide Askarov's claim of constitutional error because we conclude beyond a reasonable doubt that any such error resulting from the prosecution's references to the bank fax was harmless. *See Chapman v. California*, 386 U.S. 18, 24 (1967) (articulating "beyond a reasonable doubt" standard for harmless error); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (applying harmless error standard to Confrontation Clause violations). The government's evidence against Askarov was strong: he identified a bag found to contain more than 30,000 ecstacy pills as his own to undercover Customs agents, and an audiotape of that identification was played to the jury. Furthermore, as the district court found, the prosecutor could have obtained the disputed financial report directly from Askarov's bank even if Askarov's counsel had not provided it to him. For the same reasons, we conclude that any evidentiary errors made by the district court in allowing cross-examination based on this document did not amount to an abuse of its discretion. *See United States v. Sivils*, 960 F.2d 587, 597 (6th Cir. 1992) (evidentiary rulings reviewed for abuse of discretion). Nor did the court abuse its discretion in denying Askarov's motion for a mistrial. *See United States v. Atisha*, 804 F.2d 920, 926-27 (6th Cir. 1986) (denial of motion for mistrial reviewed for abuse of discretion).

Finally, we conclude that the prosecutor did not engage in actionable misconduct by referring to the fax in his cross-examination of Askarov. In order to merit a new trial, a prosecutor's conduct must be improper and flagrant. *See United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). To determine flagrancy, the court considers: (1) whether the conduct tended to mislead the jury or prejudice the defendant; (2) whether the conduct was isolated or extensive; (3) whether the remarks were made deliberately or accidentally; and (4) whether the evidence against the defendant was strong. *See id.* Here the remarks were limited to a portion of Askarov's

cross-examination and, as discussed above, there was substantial other evidence to support his conviction. Accordingly, we find that the prosecutor's conduct was not flagrant and therefore was not sufficient to merit a new trial.

**AFFIRMED**.