NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0545n.06

No. 21-5432

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 29, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| CHARLES RAY SMITH, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

Before: CLAY, DONALD, and NALBANDIAN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** After a five-day trial in September 2020, a jury convicted Charles Smith of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and seven counts of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. Like many courts conducting in-person trials during the global COVID-19 pandemic, the United States District Court for the Western District of Tennessee implemented several safety measures to mitigate the potential spread of the virus during Smith's trial, including requiring jurors to wear face masks over their noses and mouths. On appeal, Smith argues that the district court's face mask requirement violated his right to a fair trial because it prevented him from seeing jurors' full facial expressions during opening statements, closing arguments, and witness testimony. For the following reasons, we do not find that the district court committed reversible error and therefore affirm Smith's convictions.

We start with the axiomatic principle that a defendant is entitled to "a fair trial, not a perfect one, because an error-free, perfect trial is not humanly possible." *United States v. Segines*, 17 F.3d 847, 851 (6th Cir. 1994) (citations and internal quotation marks omitted). This principle applies with even greater force during a public health emergency, where protective measures such as plexiglass partitioners, disposable microphones, face masks, and social distancing upend traditional notions of what a "normal" trial looks like. However, different does not necessarily mean unfair.

Throughout Smith's trial, the district court required all trial participants and attendees, including jurors, to wear opaque masks that covered the lower half of their faces. There were limited exceptions to this rule, including that witnesses could remove their masks when testifying, attorneys could remove their masks when addressing the jury, and prospective jurors could remove their masks and put on a clear face shield when responding to questions during *voir dire*. Seeking to expand these exceptions, Smith's counsel filed a pretrial motion arguing that Smith would be prejudiced if he could not observe jurors' facial reactions to the evidence or lawyers' arguments. As a compromise, he proposed that jurors could instead wear face shields and that any prospective jurors who were uncomfortable removing their masks be dismissed for cause. Smith's counsel later asked jurors about this compromise during *voir dire*, and none of them objected to removing their face masks and wearing only a face shield during trial.

The district court nonetheless denied Smith's motion and refused to alter its face mask protocol. It reasoned that public health exigencies caused by the COVID-19 pandemic outweighed the minimal potential prejudice Smith would suffer if he could not see the lower half of jurors' faces during trial. Having sought guidance from the Centers for Disease Control and Prevention ("CDC"), Cleveland Clinic, and other compelling academic research, the district court further

concluded that face shields alone are not an adequate substitute for face masks to prevent the spread of COVID-19. The jury ultimately convicted Smith and this appeal followed.

The overarching issue presented on appeal is whether the district court violated Smith's constitutional right to a fair trial by requiring jurors to wear masks during witness testimony, opening statements, and closing arguments, even when those jurors expressed a willingness to proceed without masks. We note that trial courts have inherent authority, and even "grave responsibility," to determine what safety measures are necessary to protect the judge, court personnel, the parties, the lawyers, the jurors, and the audience in and around the courtroom. *See Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994). As a result, we believe the proper inquiry here is whether the district court abused its discretion, and thereby denied Smith his right to a fair trial, when it determined that public health considerations outweighed Smith's interests in viewing jurors' full faces during the trial. However, as tempting as it may be for us to decide Smith's claim of constitutional error, we decline his invitation to do so because we can resolve his appeal on narrower grounds. *See United States v. Askaraov*, 299 F.3d 896, 898 (6th Cir. 2002).

Let us assume *arguendo* that the district court abused its discretion by imposing the jury face mask requirement, and that error rose to the level of a constitutional violation. We would next need to determine the appropriate standard of review. Where, as here, the defendant properly objects to "[a]ny error, defect, irregularity or variance" at trial, we will normally disregard the error on direct appeal and allow his conviction to stand unless we determine that the error affected his "substantial rights." Fed. R. Crim. P. 52(a). The purpose of this "harmless error" rule is to avoid "setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial." *Chapman v. California*, 386 U.S. 18, 22 (1967).

Although the harmless error rule applies to most constitutional violations, *United States v. Hastings*, 461 U.S. 499, 508-09 (1983), there is a "highly exceptional category" of fundamental constitutional errors that are not subject to harmless-error analysis "because they undermine the fairness of a criminal proceeding as a whole." *United States v. Davila*, 569 U.S. 597, 611 (2013) (citation omitted). These structural errors "are so intrinsically harmful" that they "require automatic reversal" of conviction regardless of whether they actually prejudiced the defendant or affected the outcome of the proceeding. *Neder v. United States*, 527 U.S. 1, 7 (1999); *United States v. Lawrence*, 735 F.3d 385, 401 (6th Cir. 2013). However, given the "strong presumption" that constitutional errors are subject to harmless-error analysis, *Rose v. Clark*, 478 U.S. 570, 579 (1986), the Supreme Court has found structural errors only in a "very limited class of cases," including where there was a complete denial of counsel, a biased trial judge, racial discrimination in the selection of the grand jury, a denial of self-representation at trial, a denial of a public trial, and a defective reasonable-doubt instruction. *Neder*, 527 U.S. at 8 (collecting cases).

Smith argues that the denial of his right to observe jurors' full faces during trial was a structural error and is therefore subject to automatic reversal rather than harmless-error analysis. We disagree. As an initial matter, Smith cites no authority (nor are we aware of any) holding that defendants have a constitutional right to see jurors' uncovered facial expressions during trial. While we are not deciding whether Smith does, in fact, have that right, this lack of authority certainly undercuts any assertion that requiring jurors to wear face masks during trial is a fundamental constitutional error that "transcends the criminal process." *Arizona v. Fulminante*, 499 U.S. 279, 311 (1991).

It is also important to keep in mind that "the defining feature of a structural error is that it 'affect[s] the framework within which the trial proceeds,' rather than being 'simply an error in the

4

trial process itself.'" *Weaver v. Massachusetts*, 137 S.Ct. 1899, 1907-08 (2017) (quoting *Fulminante*, 499 U.S. at 310). We do not find that the district court's safety protocols, which it implemented after seeking guidance from the CDC and Cleveland Clinic, deprived Smith of "basic protections" such that his criminal trial could not reliably serve as a vehicle for determining whether he was guilty or innocent. *See Rose*, 478 U.S. at 577. Nor are we persuaded that the alleged error at issue here—requiring jurors to wear face masks in the courtroom during a global pandemic—rises to the level of a structural error merely because jurors expressed a willingness to wear face shields instead. The jurors were not the only individuals in the courtroom, and even Smith conceded in his brief that face masks provide the best protection against COVID-19.

Notably, Smith also contends that the right to see jurors' facial expressions during trial "is on . . . par with the right to confront the witnesses for the prosecution." This argument is quite a stretch, particularly given that the right to confront adverse witnesses is explicit in the Constitution, U.S. Const. amend. VI, and the alleged right to observe jurors' noses and mouths during trial is not. In any event, we can at least agree that seeing jurors' faces during trial is not *more* important than the rights established by the Confrontation Clause, and it is well settled that the denial of face-to-face confrontation is not a structural error and is instead subject to harmless-error analysis. *Coy v. Iowa*, 487 U.S. 1012, 1021 (1988); *see also Reiner v. Woods*, 955 F.3d 549, 555 (6th Cir. 2020). Accordingly, we would review the district court's face mask requirement only for harmless error.

An error is harmless, and does not warrant reversal, if the government can show "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman*, 386 U.S. at 24. Here, the government argues that the district court's face mask requirement did not unfairly prejudice Smith because it applied with equal force to both parties. Moreover, there is absolutely nothing in the record suggesting that the jury's verdict may have

been different if Smith could have seen jurors' full facial expressions during trial. We are therefore convinced that the district court's alleged error, to the extent it was an error at all, was harmless. For these reasons, Smith's convictions are **AFFIRMED**.